<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　*Plaintiff*,<br>　　　v.<br><br>SELVIA ZAKLAMA,<br><br>　　　　　　　　*Defendant*. | Civil Action No. 24-1263<br><br>**OPINION**<br><br>May 18, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff United States of America ("Plaintiff" or the "Government") against Selvia Zaklama ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (ECF 14, "Motion" or "Mot.")  The Court has decided this Motion upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's Motion is **GRANTED.**

## I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On March 1, 2024, the Government filed this action against Selvia Zaklama, seeking to reduce to judgment her federal income tax liability for the years 1992, 1993, 1994, 1995, 1996, 1997, 1999, 2000, 2001, 2002, and 2013. (ECF 1, "Complaint" or "Compl." ¶ 5.)  The Government

---

[1] The facts and procedural history are drawn from the briefings (ECF Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14) and documents integral to or relied upon by the briefings.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  A district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

alleges that Defendant's unpaid federal income tax liabilities (which include unpaid taxes, penalties, and interest) totaled $9,718,732.12 as of September 1, 2025, with additional statutory interest accruing thereafter. (*Id*; Mot. at 3.)

Defendant was first served on March 1, 2024. (ECF 2.) The Government filed a Motion for Extension of Time to File on May 29, 2024, after attempting to serve Defendant unsuccessfully on multiple occasions at two different addresses. (ECF 3.) The Court granted the Government's motion on August 27, 2024. (ECF 4.) The Government filed a second Motion for Extension of Time to File on August 27, 2024, after additional unsuccessful attempts at serving Defendant, which the Court granted on August 28, 2024. (ECF 5; ECF 6.) The Government filed a third Motion for Extension of Time to File on September 30, 2024, which the Court granted on October 2, 2024. (ECF 7; ECF 8.) Finally, on October 30, 2024, the Government filed a Motion for Service by Publication and Extension of Time to Serve, which the Court granted on December 2, 2024. (ECF 9; ECF 10.) The Government filed proof of service by publication on March 14, 2025. (ECF 11.)

The Government petitioned the Clerk of the Court for an entry of default against Defendant pursuant to Rule 55 on March 19, 2025, and the Clerk entered default against Defendant on March 20, 2025. (ECF 12.) On August 29, 2025, the Court entered a Notice of Call for Dismissal pursuant to Local Civil Rule 41.1(a). (ECF 14.) The Government filed a Motion for Default Judgment on September 11, 2025, asserting that, as of September 1, 2025, the total outstanding liability against Defendant was $9,718,732.12. (ECF 15.) The Court terminated the Notice of Call for Dismissal on May 4, 2026. (ECF 16.)

2

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the defendant and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc.*, 558 F. Supp. 2d at 535. After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

### III.    ANALYSIS

#### A.  Jurisdiction and Service of Process

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at \*2 (D.N.J. Jan. 22, 2015) (internal citation omitted).  Additionally, a court must determine whether there is sufficient proof of service. *Tr. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Danco Painting, LLC*, No. 17-05739, 2021 WL 3674353, at \*3 (D.N.J. Aug. 19, 2021).  This Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant, and Defendant was properly served.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1340, which provide that the district court shall have original jurisdiction "of all civil actions, suits, or proceedings commenced by the United States" and "of any civil action arising under any Act of Congress providing for internal revenue[.]" 28 U.S.C. §§ 1345, 1340.  Further, given that the Government brings claims pursuant to the Internal Revenue Code, the Court also has subject matter jurisdiction under 26 U.S.C. § 7402(a), which provides that "[t]he district courts of the United States shall have jurisdiction to make and issue in civil actions, writs, and orders of injunction, and … such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).

The Court also retains personal jurisdiction over Defendant.  "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks and citation omitted).

4

Because Defendant is a resident of New Jersey, the exercise of personal jurisdiction over the individual Defendant is proper.

For service to be proper on an individual, Rule 4 requires service to be effectuated by a nonparty "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). However, under New Jersey law, a plaintiff can move for an alternative method of service if said plaintiff has been unable to serve the defendant through traditional means, as long as that method of service is "consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). Given the Government's repeated unsuccessful attempts at serving Defendant pursuant to F.R.C.P. Rule 4, the Court granted the Government's motion to serve Defendant by publication. (ECF 10.) The record establishes that the Government complied with the requirements of New Jersey Court Rule 4:4-5(a)(3) and the Court's December 12, 2025 Order in serving Defendant by publication. (N.J. Ct. R. 4:4-5(a)(3); ECF 10.) In particular, the Government demonstrated that it (1) published a notice of this action in the Jersey Journal, a newspaper with general circulation in Hudson County, on January 6, 2025, January 18, 2025, January 20, 2025, and January 27, 2025; (2) posted a notice of publication and a copy of the Complaint to the door of Defendant's last known address on January 13, 2025; and (3) sent a copy of the Summons and Complaint to Defendant via federal express mail on January 23, 2025. (ECF 11.) Thus, service was proper, and the Court is satisfied that it has jurisdiction to enter default judgment. *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

**B. Entry of Default**

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom

a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Defendant failed to meet her deadline to respond and has made no attempt to answer or defend the action since the Complaint was filed. Accordingly, the Clerk appropriately issued the entry of default on March 20, 2025.  (ECF 12.)

### C.  Fitness

"Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment." *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 822 (D.N.J. 2021) (citing Fed. R. Civ. P. 55(b)(2)).  The Government submitted an affidavit indicating that, upon its information in belief, Defendant is neither an infant nor incompetent person, nor is she currently serving in the United States Armed Forces.  (ECF 14-3, "Saiz Decl." ¶¶ 3-4; ECF 14-4.)  Because there is no information in the record which indicates otherwise, the Court concludes Defendant is fit for default judgment.

### D.  Sufficiency of Plaintiff's Cause of Action

Fourth, the Court must determine whether the Complaint states a proper cause of action. In performing this inquiry, the Court accepts as true a plaintiff's well-pleaded factual allegations while disregarding mere legal conclusions.  *See DirecTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006).  The Court finds that the Government has established a sufficient cause of action against Defendant.

A prima facie case of tax liability may be established "by introducing into evidence certified copies of the certificates of tax assessment." *United States v. Stuler*, 396 F. App'x. 798, 801 (3d Cir. 2010).  An "assessment" is the Internal Revenue Service's determination of a specified amount a taxpayer owes to the federal government. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).  In the Third Circuit, income tax "[a]ssessments are presumed to be valid, and

establish a prima facie case of liability against a taxpayer." *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000) (citing *United States v. Vespe*, 868 F.2d 1328, 1331 (3d Cir. 1989)).  Here, the Government has demonstrated that federal income tax assessments and statutory additions were made against Defendant for the 1992, 1993, 1994, 1995, 1996, 1997, 1999, 2000, 2001, 2002, and 2013 tax years totaling $9,718,732 as of September 1, 2025.  (ECF 14-2, "Troichuk Declaration" or "Troichuk Decl." ¶ 5.)  The Government has thus established a sufficient claim against Defendant to collect tax liability due and owing.  *See United States v. Mamone*, No. 21-20339, 2024 WL 2260934, at *4 (D.N.J. May 17, 2024) (finding the United States stated legitimate claims against defendants since tax assessments established a prima facie case of tax liability).

### E.  Whether The Entry of Default Judgment Would Be Proper

The Court must next consider (1) whether the party subject to the default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default.  *Doug Brady, Inc.*, 250 F.R.D. at 177.  The Court concludes that all three factors weigh in favor of default judgment.

First, Defendant lacks a meritorious defense.  *See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012) ("assum[ing] that the Defendants have no litigable defenses available" because they "have not filed anything with the Court," "have offered no defense," and "the facts asserted in the complaint do not contain any information that could provide the basis for a meritorious defense"); *see also Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since

defendant did not respond).  Defendant was properly served and has failed to defend or otherwise respond to the Complaint.  *See supra.*

Second, the Court finds that the Government will suffer prejudice absent entry of default judgment, as it has been prevented from prosecuting its case and seeking relief.  *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant.").

Finally, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in its default."  *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4.  In this case, there is nothing before the Court to suggest that Defendant's failure to respond was not willfully negligent.  *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).  Accordingly, an entry of default judgment against Defendant would be proper.

### F.  Damages

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the Government must nonetheless prove damages when requesting default judgment.  *Corbin*, 908 F.2d at 1149.  This Court need not accept allegations as to damages as true, and it may order or permit a plaintiff seeking default judgment to provide additional evidence in support

of its allegations if the Court finds evidentiary support to be lacking. *United States v. Thompson*, No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017).

The Government has provided a thorough assessment chart summarizing Defendant's tax liability as of September 1, 2025, which is $9,718,732.12. (Troichuk Decl. ¶ 5.) The Government has also explained that it is owed statutory interest as per 28 U.S.C. § 1961(c)(1), which accrues in accordance with the rate specified in 26 U.S.C. § 6621(a)(2) until the date on which the tax and accrued interest is paid.[2] (Mot. at 3.)

The Court finds that the amount requested by the Government is a "sum certain or for a sum which can by computation be made certain." *Comdyne I*, 908 F.2d at 1149.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF 14) is **GRANTED**, and the Court enters default judgment against Defendant Selvia Zaklama in the amount of $9,718,732.12 as of September 1, 2025, together with all interest and penalties that will continue to accrue pursuant to 26 U.S.C. § 6621(a)(2) after that date. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties

---

[2] Section 6621 establishes the interest rates for unpaid taxes: "the interest rate for each calendar quarter is the federal short-term rate for the first month of that quarter, plus three percent, rounded to the nearest full percent." *See United States v. Grossman*, No. 15-2843, 2016 WL 3751949, at *2 (D.N.J. July 13, 2016) (citing 26 U.S.C. §§ 6621(a)(2), (b)(2)(A), and (b)(3)). Section 6622 establishes that interest paid under the Internal Revenue Code "shall be compounded daily." 26 U.S.C. § 6622.